89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James RUMLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1232.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1996.
 
 Before: NELSON and SILER, Circuit Judges; WISEMAN,[1] District Judge.
 PER CURIAM.
 
 
 1
 Petitioner, James Rumler, appeals the district court's denial of his petition for a writ of mandamus under 28 U.S.C. § 1361. The person or party to whom the mandamus is to be directed is not clear in the caption, but it is apparently the Probation Office in the Eastern District of Michigan. The relief he seeks is to require the Probation Office to include his objections to the presentence report (PSR) in his criminal case. We affirm the denial of his petition for a writ of mandamus.
 
 
 2
 On September 10, 1990, Rumler and two coconspirators, Jerome Susskind and Scott Nickerson, were found guilty of conspiring to obstruct justice, making false declarations before a court, and using false documents, in violation of 18 U.S.C. §§ 1623, 1503, and 1001. The charges
 
 
 3
 Mandamus is a drastic remedy which will be invoked only in extraordinary situations where the petitioner has no other adequate means of relief and where he can show "a clear and indisputable" right to the relief sought. In re Ford, 987 F.2d 334, 341 (6th Cir.1992) (citation omitted). Here, he presented most, if not all of these matters on direct appeal. If he did not, he had the opportunity to do so. Therefore, he has not shown there is no other adequate means of relief or a clear and indisputable right to the writ of mandamus against the Probation Office.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation