**Rafael Noriega MILLAN, Plaintiff,**

v.

**Gregory PARKS, Defendant.**

**No. CIV. 98–1779(JP).**

United States District Court,
D. Puerto Rico.

July 15, 1998.

---

Rafael Noriega Millan, Coleman, FL, pro se.

### *JUDGMENT*

PIERAS, District Judge.

Petitioner has filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. According to the standard "Form to be Used by Federal Prisoners in Filing a Petitioner for Writ of Habeas Corpus Under 28 § 2241" filled out by Petitioner, he seeks relief from his conviction on the following grounds: (1) federal courts are without authority to preside over "criminal charges or felony cases;" (2) enhancements to his sentence violate the Double Jeopardy Clause; and (3) he was denied due process when he was "sentenced multiple times for eleven crimes which actually lead to the same criminal undertaking."

On July 31, 1995, Petitioner pleaded guilty to eleven counts charging him with violating a number of federal firearms laws. Judge Laffitte sentenced him to 108 months, notwithstanding the government's recommenda-tion that he be sentenced to 97 months. On April 7, 1997, the United States Court of Appeals affirmed his conviction and sentence. Later that year, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Middle District of Florida, where he is incarcerated. On August 11, 1997, his § 2255 motion was transferred to this Court and assigned to Judge Laffitte, who entered judgment dismissing Petitioner's motion on August 28, 1997. Judge Laffitte then refused to issue Petitioner a certificate of appealability. That decision was affirmed by the First Circuit on May 20, 1998.

Petitioner then filed the present petition for habeas corpus in the Middle District of Florida. Judge Fawsett construed his petition as a motion under § 2255 and transferred it to this district, where Petitioner was sentenced. Section 2255 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Therefore, the Court may not entertain this petition for habeas corpus unless it appears that § 2255 fails to provide an adequate or effective remedy. Petitioner has not provided any reasons why § 2255's remedy is either "inadequate or ineffective," and the Court sees none. The mere fact that the hurdles of the Antiterrorism and Effective Death Penalty Act may prevent Petitioner from filing this case as a second, successive, and untimely § 2255 motion does not render the remedy provided by that section inadequate or ineffective. *See In re Davenport,* 147 F.3d 605, 609–10 (7th Cir.1998). In sum, Judge Fawsett's decision to treat this case as a motion under § 2255 was a correct application of the congressional mandate that, absent special circumstances, federal prisoners

generally cannot avail themselves of habeas relief under § 2241.

But conversion of this petition to a § 2255 motion renders it a second or successive motion. Such motions must be certified by the First Circuit. As this one has not, the Court must dismiss it. Moreover, federal prisoners have a one year statute of limitations for filing § 2255 motions. The prescriptive period began to run for Petitioner on April 7, 1997, when the First Circuit affirmed his judgment of conviction. As Petitioner filed his motion no earlier than June 15, 1998, the Court must also dismiss it as untimely. For the reasons stated above, the Court hereby **ENTERS JUDGMENT DISMISSING PETITIONER'S MOTION WITH PREJUDICE.**

IT IS SO ORDERED, ADJUDGED, AND DECREED.