**In re Rory Allen GREGORY,**
**Petitioner.**

No. 99–5602.

United States Court of Appeals,
Sixth Circuit.

Filed: June 22, 1999

Allen Rory Gregory, pro se.

Before: WELLFORD, NELSON, and GILMAN, Circuit Judges.

## ORDER

The petitioner seeks a writ of mandamus or prohibition directing the district court to vacate an order construing his habeas corpus petition as a motion to vacate sentence under 28 U.S.C. § 2255 and transferring it to the United States Court of Appeals for the Eighth Circuit. We conclude the petition has no merit, and therefore deny it.

The petitioner pled guilty in the United States District Court for the Western District of Arkansas to attempting to manufacture methcathinone. His conviction and

sentence were affirmed by the United States Court of Appeals for the Eighth Circuit. *See United States v. Gregory,* No. 96–3191, 1997 WL 7520 (8th Cir.1997). He then filed, in the Arkansas district court, a motion to vacate sentence under 28 U.S.C. § 2255. That motion was subsequently denied.

■ After beginning his sentence at the Federal Correctional Institution in Memphis, Gregory filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Tennessee. He asserted jurisdiction for that action under 28 U.S.C. § 2241. That court, however, construed the petition as a successive motion to vacate his sentence and transferred the case to the United States Court of Appeals for the Eighth Circuit for consideration therein under 28 U.S.C. § 2244(b)(3). In his present petition, the petitioner asserts he has the right to file a habeas corpus action under § 2241 because he cannot meet the criteria for filing a successive motion to vacate his sentence, thus rendering that remedy unavailable.

■ The difference between a § 2255 motion and a petition under § 2241 is important for jurisdictional purposes. The former must be filed in the district court which sentenced the movant, whereas a petition for habeas corpus under § 2241 may be filed in the district court having jurisdiction over the petitioner's custodian. *See In re Hanserd,* 123 F.3d 922, 925 (6th Cir.1997); *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir.1991); *Cohen v. United States,* 593 F.2d 766, 770–71 (6th Cir. 1979); *Wright v. United States Board of Parole,* 557 F.2d 74, 77 (6th Cir.1977).

■ The statutes, moreover, are not interchangeable. In enacting § 2255, Congress provided collateral post-conviction means for a federal inmate to attack his conviction and sentence. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996); *In re Hanserd,* 123 F.3d at 926. The statute expressly provides, however, that an in-

mate may not use a petition for a writ of habeas corpus to seek this same relief unless the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the fact that prior § 2255 actions have proved unsuccessful does not necessarily meet that burden. *Bradshaw,* 86 F.3d at 167; *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir.1979) (per curiam); *In re Hanserd, supra.* We determined in *In re Hanserd* the appropriate procedure to follow in this situation in this circuit:

> Congress has provided our answer. In enacting § 2255, Congress expressed a clear preference that federal prisoners use that provision, rather than habeas corpus, to challenge their confinement, if possible.... Our holding means that federal inmates will have one post-AEDPA [Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996)] bite at the apple, limited further, for prisoners who filed a § 2255 motion before AEDPA's enactment, by the old abuse-of-the-writ standard.... We therefore hold that a federal prisoner must satisfy the new requirements of 28 U.S.C. § 2255 only if he has filed a previous § 2255 motion on or after April 24, 1996, the date AEDPA was signed into law.

123 F.3d at 933–34 (footnotes omitted). We went on to outline the procedure to be followed by a prisoner such as Gregory:

> In order to avoid unnecessary confusion and delay, we will outline the proper procedure for federal inmates who wish to file a second or subsequent § 2255 motion. Inmates who wish to file a second or successive motion to vacate sentence should first file a motion in this court requesting permission under 28 U.S.C. §§ 2244, 2255, regardless of when the first motion to vacate sentence was filed. If the successive motion is proper under AEDPA's gatekeeping provisions, permission to file a

motion in the district court will be granted, with the statute of limitations tolled while the motion for permission is before this court. *See* 28 U.S.C. § 2255. *Id.* at 934.

■ The petitioner's attempt to file a § 2241 action in the district court may be an effort to avoid the application of § 2255, the procedures under § 2244(b)(3), and the prior adverse decisions of the Arkansas district court and the Eighth Circuit Court of Appeals. We find, in any event, no basis in this court for the requested extraordinary relief. The remedies of mandamus and prohibition are drastic ones, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought and only in circumstances amounting to a judicial usurpation of power. *See In re American President Lines, Ltd.,* 929 F.2d 226, 227 (6th Cir.1991) (order); *Union Light, Heat and Power Co. v. United States District Court,* 588 F.2d 543, 544 (6th Cir.1978). The petitioner cannot show such circumstances in this case.

We have no occasion to determine, in light of our denial of the extraordinary writs, the appealability of the· district court's disposition of Gregory's petition, including the propriety of transfer of the matter to the Eighth Circuit Court of Appeals.

Gregory may choose to file a motion to vacate his sentence by requesting permission to do so in the Eighth Circuit Court of Appeals under 28 U.S.C. § 2244 or § 2255. (The Clerk will furnish a copy of this Order to the Chief Judge of the Eighth Circuit Court of Appeals.)

It, therefore, is **ORDERED** that the petition for a writ of mandamus or prohibition is denied.