Dana **HERVEY**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 00–CV–71521–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 20, 2000.

Dana Hervey, Bradford, PA, pro se.

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND ORDERING THAT THE CASE BE TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A).**

O'MEARA, District Judge.

This habeas matter is before this Court pursuant to an Order of Transfer from the Western District of Pennsylvania. Petitioner is currently a federal prisoner incarcerated at the Federal Correctional Institution in Bradford, Pennsylvania. Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se,* petitioner challenges his 1997 conviction in this Court for felon in possession of a firearm, 18 U.S.C. § 922(g)(1). For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is denied. It is further ordered that the Clerk of this Court transfer this matter to the Sixth Circuit for a determination as to whether or not petitioner is entitled to a certificate of authorization permitting him to file this as a second or successive motion to vacate sentence under 28 U.S.C. § 2255.

## I. *BACKGROUND*

On May 27, 1997, petitioner was found guilty of being a felon in possession of a firearm following a bench trial before this Court in the U.S. District Court for the Eastern District of Michigan. Petitioner was sentenced to fifty seven (57) months in prison. *United States v. Hervey,* U.S.D.C. 96–CR–80812–1. Petitioner filed a notice of appeal and counsel was appointed. Petitioner's appellate counsel filed an *Anders* brief on his direct appeal. The Sixth Circuit reviewed the record, and finding no error, affirmed petitioner's conviction. *United States v. Hervey,* 173 F.3d 857, 1999 WL 98370 (6th Cir. January 29, 1999).

While his appeal was pending, petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion to vacate sentence was denied by this Court. *United States v. Hervey,* U.S.D.C. 96–CR–80812–1 (E.D.Mich. September 15, 1998). Petitioner did not appeal the denial of the motion to vacate sentence. Petitioner subsequently sought permission to file a second motion to vacate sentence, claiming that his trial counsel was ineffective for advising him to waive his right to a jury trial. The Sixth Circuit denied petitioner's application for a certificate of authorization to file a second or successive motion to vacate sentence. *In Re Dana Hervey,* U.S.C.A. 99–1503 (6th Cir. October 28, 1999).

On January 25, 2000, petitioner filed a petition for writ of habeas corpus with the Western District of Pennsylvania, which has been transferred to this Court. In his application for writ of habeas corpus, petitioner contends that his conviction under § 922(g) is invalid because his civil rights were restored by the State of Michigan following his release from prison. The United States Attorney's Office has filed an answer to the petition and petitioner has filed a traverse.

## II. *DISCUSSION*

██ A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758; *Phillips v. Booker,* 76 F.Supp.2d 1183, 1187 (D.Kan.1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory,* 181 F.3d 713, 714 (6th Cir.1999).

██ In the present case, petitioner first contends that the remedy afforded to him under § 2255 is inadequate or ineffective to challenge the constitutionality of his conviction because the "gatekeeping provisions" of the Antiterrorism and Effective Death Penalty Act (AEDPA) prevent him from filing another § 2255 motion to vacate sentence. The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F.3d at 756. Thus, the mere fact that the AEDPA would prevent petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief. *Millan v. Parks,* 18 F.Supp.2d 144, 145 (D.Puerto Rico 1998):

Petitioner further contends that he is entitled to habeas corpus relief under the savings clause of § 2255 because he is actually innocent of the crime of felon in possession of a firearm. Although the Sixth Circuit has yet to determine whether a claim of actual innocence would permit a federal prisoner to file a habeas petition challenging his or her conviction, the Sixth Circuit has noted that to date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F.3d at 757. This Court must therefore determine whether petitioner is, in fact, actually innocent of the crime of being a felon in possession of a firearm to determine whether he is entitled to habeas corpus relief.

██ As an initial matter, this Court rejects the Government's argument that the Court lacks jurisdiction over the petition for writ of habeas corpus because petitioner is incarcerated in another district. If a petition for writ of habeas corpus falls within the narrow class of cases in which a § 2241 petition is an appropriate mechanism to challenge the validity of the conviction and sentence, the case should be transferred to the district in which the petitioner was convicted and sentenced. *Conley v. Crabtree,* 14 F.Supp.2d 1203, 1206 (D.Or.1998). The actual innocence issue is best resolved in the Court where petitioner was tried and sentenced and where the office of the U.S. Attorney who participated in the trial is located. *Lee v. Wetzel,* 49 F.Supp.2d 875, 877 (E.D.La. 1999). Therefore, jurisdiction over this petition is proper with this Court.

In support of his contention that he was improperly convicted of being a felon in possession of a firearm, petitioner con-

tends that his civil rights had been restored by Michigan upon his release from prison, and therefore, he could not be convicted of this offense. 18 U.S.C. § 921(a)(20) indicates:

What constitutes a conviction of such a crime [felony] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

The 'unless' clause of § 921(a)(20) is activated if a restoration of civil rights expressly provides that a person may not possess firearms. *Caron v. United States,* 524 U.S. 308, 314, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). Under section 921(a)(20), restoration of a felon's civil rights overcomes his state law conviction and renders him immune from prosecution under the felon-in-possession law, unless the restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms. *United States v. Brown,* 69 F.Supp.2d 925, 939 (E.D.Mich.1999) (Rosen, J.); *See also United States v. Casey,* 2000 WL 516526, * 1 (E.D.Mich. April 20, 2000) (Feikens, J.) ("What the last sentence of § 921(a)(20) gives in one clause, it takes away in another; its opening clause can protect a previously convicted felon from criminal liability for gun possession, but the 'unless' clause negates any such protection.").

In the present case, petitioner contends that his civil rights were restored by the State of Michigan following his release from prison because under Michigan law, he regained his rights to vote, to hold public office, and to sit on a jury. The Government does not deny that petitioner's civil rights were restored upon his release from prison but contends that the 'unless' clause of § 921(a)(20) defeats his

right to carry firearms because Michigan law places restrictions on a convicted felon's rights to carry firearms. M.C.L.A. 750.224f(1); M.S.A. 28.421(6)(1) states:

Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of three years after all of the following circumstances exist:

(a) the person has paid all fines imposed for the violation;

(b) the person has served all terms of imprisonment imposed for the violation;

(c) the person has successfully completed all conditions of probation or parole imposed for the violation.

*United States v. Brown,* 69 F.Supp.2d at 939.

As this Court has indicated before, if the law of the State of Michigan places any restriction on a felon's right or privilege to possess firearms following a conviction, that person retains the status of a convicted felon and is subject to prosecution under § 922(g), notwithstanding any restoration of his civil rights by the convicting jurisdiction. *See Kramer v. United States,* 2000 WL 654830, * 1 (E.D.Mich. April 14, 2000).

In its answer, the Government contends that petitioner was discharged from parole on his latest Michigan conviction on November 1, 1995, less than one year before he committed the offense at issue in this case. Under Michigan law, he would therefore be barred from possessing firearms during this period regardless of the restoration of his civil rights.

█ Petitioner does not deny in his traverse the Government's allegation in their answer that he was discharged from parole on November 1, 1995 or that he committed the offense of being a felon in possession of a firearm within three years of his discharge date. This fact must be taken as true against petitioner. *See United States ex. rel. Yaris v. Shaughnessy,* 112

F.Supp. 143, 144 (S.D.N.Y.1953); 28 U.S.C. § 2248. Instead, petitioner alleges that the application of the restrictions contained in M.C.L.A. 750.224f would violate the Ex Post Facto Clause of the U.S. Constitution because the law was not passed until 1994, which was after his 1991 felony conviction which is used as the predicate offense here. This Court has previously rejected a habeas petitioner's assertion that application of 750.224f violates the Ex Post Facto Clause, noting that the Michigan Court of Appeals had found that the state's predominant interest in enacting M.C.L.A. 750.224f; M.S.A. 28.421(6) was not the infliction of further punishment on those who had been convicted of previous felonies; instead, the primary purpose of the statute was to protect the public by precluding certain convicted felons from possessing firearms. *Kramer v. United States,* Slip. Op. at * 1, citing to *People v. Tice,* 220 Mich.App. 47, 51–52, 558 N.W.2d 245 (1996). The Ninth Circuit has also rejected a similar challenge, finding that an Oregon law which retroactively revoked the right of a convicted felon to carry long guns did not violate the Ex Post Facto clause of the constitution because the law was not punitive but furthered substantial and legitimate safety interests. *United States v. Huss,* 7 F.3d 1444, 1447–1448 (9th Cir. 1993).

Michigan's limited firearms restrictions are sufficient to trigger the 'unless' clause of § 921(a)(20) and render petitioner subject to prosecution under § 922(g)(1). *United States v. Brown,* 69 F.Supp.2d at 941. Because Michigan law restricted petitioner's right to possess firearms for three years following his discharge from parole, he retained the status of a convicted felon and was subject to prosecution under § 922(g), nothwithstanding the fact that his civil rights had been restored. *Kramer v. United States,* Slip. Op. at * 1;

*See also United States v. Blodgett,* 130 F.3d 1, 3–4 (1st Cir.1997). Petitioner has therefore not established his actual innocence of this crime which would entitle him to habeas relief under 28 U.S.C. § 2241. The Court will therefore deny the petition for writ of habeas corpus.

■ Although this Court is dismissing the petition for a writ of habeas corpus, the Court will also transfer the matter to the Sixth Circuit for a determination of whether petitioner is entitled to file a second or successive motion to vacate sentence challenging his felon in possession of a firearm conviction.[1] In the present case, petitioner has already filed a motion to vacate sentence which was denied by this Court and has attempted unsuccessfully to file a second motion to vacate sentence. Before a second or successive motion to vacate sentence is filed in a federal district court, an inmate shall first file a motion with the Sixth Circuit Court of Appeals requesting permission to file a second or successive motion to vacate sentence. *In Re Hanserd,* 123 F.3d 922, 934 (6th Cir. 1997). If a second or successive motion to vacate sentence is erroneously filed with the district court, the court should transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *Id.;citing to In Re Sims,* 111 F.3d 45, 47 (6th Cir.1997). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D.Mich.1999) (Gadola, J.). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritori-

---

1. The Sixth Circuit has suggested in these types of cases that it would be appropriate for the district court to deny relief on the petition for writ of habeas corpus under § 2241 and then transfer the matter to the Sixth Circuit

for a determination of whether petitioner is entitled to a certificate of authorization to file a second or successive § 2255 motion to vacate sentence. *See In Re Genoa,* U.S.C.A. 99–2046 (6th Cir. December 14, 1999).

ous the district court believes the claim to be. *Id.* This Court will transfer this matter to the Sixth Circuit for a determination of whether petitioner is entitled to a certificate of authorization to file a third motion to vacate sentence pursuant to 28 U.S.C. § 2255.

### III. *ORDER*

■ Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *King v. United States,* 124 F.3d 198, 1997 WL 580776, * 2 (6th Cir. September 18, 1997), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

The Court **FURTHER ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims,* 111 F.3d 45, 47 (6th Cir.1997) for a determination of whether petitioner can file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.