Calvin T. YOUNG, Petitioner,

v.

Dr. Joyce CONLEY, Warden, Respondent.

No. CIV.A. 5:00–0998.

United States District Court, S.D. West Virginia, Beckley Division.

Jan. 24, 2001.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Petitioner's application under 28 U.S.C. § 2241 for a writ of habeas corpus based on a challenge to his sentence pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The petition was previously referred to the Honorable Mary S. Feinberg, United States Magistrate Judge, who has submitted her Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Petitioner has filed objections to the Findings and Recommendation. Following *de novo* review of Petitioner's objections, the Court **DENIES** the application **with prejudice.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Young, a federal prisoner in this district, is serving a thirty-year sentence imposed by the United States District Court for the Middle District of North Carolina upon his guilty plea to conspiracy to distribute cocaine base. His direct appeal was unsuccessful. *United States v. Young,* 134 F.3d 365, 1998 WL 1343 (4th Cir. Jan.5, 1998), *cert. denied,* 523 U.S. 1130, 118 S.Ct. 1821, 140 L.Ed.2d 958 (1998). Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, which was denied. His appeal from that denial was dismissed as untimely. *United States v. Young,* 208 F.3d 211, 2000 WL 281720 (4th Cir. Mar. 16, 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 251, 148 L.Ed.2d 182 (2000).

Petitioner now seeks a writ of habeas corpus against his custodian, asserting his confinement is illegal because his sentence was imposed in violation of *Apprendi.*

Calvin Tyrone Young, Beaver, WV, pro se.

Joyce K. Conley, Beaver, WV, pro se.

### II. DISCUSSION

*Apprendi* states a new constitutional rule: "Other than the fact of a prior con-

viction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362–63. The rule is constitutional as clearly stated in *Apprendi* itself. *See e.g., id.* at 2363 ("[I]n light of the constitutional rule explained above ... this practice cannot stand.").

While *Apprendi* dealt with elements of a New Jersey hate crimes law, the principle has been extended to drug quantities as elements of controlled substance crimes. Historically, courts held that drug quantity was a "sentencing factor," rather than an element of the crimes of knowing and intentional manufacture, possession, or distribution of controlled substances.[1] *See* 21 U.S.C. § 841(a); *see also United States v. Powell*, 886 F.2d 81, 85 (4th Cir.1989); *United States v. Rogers*, 228 F.3d 1318, 1326 (11th Cir.2000); 214 F.3d 967, 974 (8th Cir.2000). Sentencing courts were empowered to determine sentencing factors by a preponderance of the evidence.

▮ Under § 841(b)(1)(A) or (B), where no drug quantity is charged in the indictment or found by a jury, the maximum term of imprisonment is set by the catch-all statutory maximum of twenty years.[2] *See* 21 U.S.C. § 841(b)(1)(C). However, trafficking sizeable drug quantities may expose defendants to sentences greater than twenty years, that is, greater than the sentence authorized by a jury verdict of guilty. *See* 21 U.S.C. § 841(b). Accordingly, all appeals courts to consider the issue have held, pursuant to *Apprendi*, that where findings of particular drug quantities could expose defendants to imprisonment penalties greater than twenty years, the drug quantity must be treated as an element: charged in the indictment,

submitted to a jury, and proven beyond a reasonable doubt. *See United States v. Rogers*, 228 F.3d 1318, 1326–28 (11th Cir. 2000); *United States v. Doggett*, 230 F.3d 160 (5th Cir.2000); *United States v. Nordby*, 225 F.3d 1053, 1056 (9th Cir.2000); *United States v. Rebmann*, 226 F.3d 521, 524 (6th Cir.2000); *United States v. Aguayo–Delgado*, 220 F.3d 926, 931 (8th Cir.2000); *United States v. Nance*, 236 F.3d 820 (7th Cir.2000); *United States v. Hishaw*, 235 F.3d 565 (10th Cir.2000).[3]

Young now asserts his sentence violated *Apprendi* because, while he pled guilty to conspiracy to distribute cocaine base ("crack"), the indictment did not specify an amount. His sentence exceeded the statutory maximum of twenty years, based on the sentencing court's finding, by a preponderance of the evidence, of a drug amount of 16.50 kilograms of crack cocaine. This situation presents the new, but already classic, *Apprendi* problem. On this basis, Young collaterally attacks his conviction and sentence as constitutionally invalid.

Under 28 U.S.C. § 2255, collateral attacks by federal prisoners are channeled "to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." *In re Jones*, 226 F.3d 328 (4th Cir. 2000) (quoting *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir.1997) (citation omitted)). Second or successive § 2255 petitions are not automatically entertained, but must be certified by a panel of the appropriate court of appeals to contain:

(1) newly discovered evidence ... [or]

(2) a new rule of constitutional law, made retroactive to cases on collateral

---

1. The penalty for conspiracy to commit these offenses is the same as the penalty for the offense. 21 U.S.C. § 846.

2. Other subsections of § 841 provide for lesser penalties for involvement with lesser amounts of marijuana, hashish, hashish oil, or flunitrazepam; and Schedule III, IV, and V controlled substances. *See* 21 U.S.C. § 841(b)(1)(D), (2), (3), (4).

3. Our Court of Appeals reached the same conclusion in an opinion that was vacated for hearing *en banc*. *United States v. Angle*, 230 F.3d 113, 123 (4th Cir.2000), *vacated* Jan. 17, 2001.

review by the Supreme Court, that was not previously unavailable.

28 U.S.C. § 2255. Had Petitioner filed this collateral attack as a § 2255 motion, he would have been required to pass through this appeals court gate.

██ Our Court of Appeals previously held, "A new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding." *In re Vial,* 115 F.3d 1192, 1197 (4th Cir.1997). The Supreme Court has not decided whether the constitutional rule in *Apprendi* should be made retroactive to cases on collateral review. Until and unless the Supreme Court makes that determination, petitioners seeking to vacate sentence pursuant to § 2255 are procedurally barred from bringing a second or successive motion. While § 2255 is the proper avenue for constitutional claims challenging the validity of a judgment, Congress has barred successive petitions explicitly, absent the Supreme Court's active application of the rule to collateral challenges.

██ Possibly to avoid the gatekeeping function of § 2255, through which he could not pass, Young instead has filed his collateral attack on his sentence as habeas corpus petition. An application for a writ of habeas corpus from a prisoner authorized to apply under § 2255

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Only if a § 2255 motion is inadequate or ineffective may a court entertain a collateral attack on a federal prisoner's sentence or conviction. Young seeks to invoke this "savings clause" as a means of presenting his *Apprendi* claim to this district court by application for a writ of habeas corpus under 28 U.S.C. § 2241.

It is well established that " § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Jones,* 226 F.3d at 332. A contrary rule would nullify the gatekeeping provision. *Id.* Our Court of Appeals held:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

██ Because *Apprendi* is a constitutional rule, however, the third prong of the inadequate and ineffective analysis can never be satisfied. As a constitutional rule, *Apprendi*-based challenges are explicitly subject to the gatekeeping provisions of § 2255. Constitutional challenges to the validity of a conviction or a sentence must be brought under § 2255, as Congress intended and for which § 2255 provides. For petitioners like Young, who have previously filed § 2255 motions, successive challenges must await Supreme Court action making the constitutional rule retroactive. Consequently, a § 2241 petition for a writ of habeas corpus is not available as an alternative mechanism to bring *Apprendi*-based collateral attacks on a conviction or sentence. Section 2255 remains the sole vehicle appropriate and available for such motions.

### III.  CONCLUSION

The petition for habeas corpus relief is **DENIED with prejudice.**

The Clerk is directed to send a copy of this Order to the named parties and counsel of record and to post this opinion for publication at the Court's website: http://www.wvsd.uscourts.gov.

### *JUDGMENT ORDER*

In accordance with the Memorandum Opinion and Order entered this day, the Court **ORDERS** the case be **DISMISSED** and **STRICKEN** from the docket.

· The Clerk is directed to send a copy of this Judgment Order to counsel of record.