Derrick J. ROBINSON, Petitioner,

v.

John HEMINGWAY, Respondent,

No. 01–CV–72682–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 27, 2001.

Derrick Robinson, Milan, MI, pro se.

## OPINION AND ORDER OF SUMMARY DISMISSAL

EDMUNDS, District Judge.

Derrick J. Robinson, ("petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se*, petitioner challenges his plea-based conviction and sentence on one count of conspiracy to distribute and possess cocaine base for intended distribution, 21 U.S.C. § 846; and one count of carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). In his habeas petition, petitioner brings several challenges to his criminal conviction and sentence based upon the recent case of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), where the U.S. Supreme Court held that any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED**.

## I. BACKGROUND

Petitioner pleaded guilty to the above offenses in the United States District Court for the Northern District of Ohio. Petitioner subsequently filed a motion to withdraw his guilty plea, which was denied. Petitioner was sentenced to a term of imprisonment of 192 months on the drug conviction and received a consecutive 60 month sentence on the firearm conviction. Petitioner's case was affirmed on direct appeal. *United States v. Brown*, 42 F.3d 1389, 1994 WL 683936 (6th Cir.1994). Petitioner thereafter filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *Robinson v. United States*, U.S.D.C. 96–CV–7003 (N.D.Ohio August 2, 1996) *aff'd* 168 F.3d 490, 1998 WL 792043 (6th Cir. November 2, 1998). Petitioner has now filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he claims that his conviction and sentence must be set aside based upon the U.S. Supreme Court's recent holding in *Apprendi v. New Jersey*, *supra*.

## II. DISCUSSION

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet

that burden. *In Re Gregory,* 181 F.3d 713, 714 (6th Cir.1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F.3d at 756. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief. *Hervey v. United States,* 105 F.Supp.2d 731, 733 (E.D.Mich.2000)(O'Meara, J.).

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F.3d at 757. As the Sixth Circuit has pointed out, these "actual innocence" cases all arose from a "common factual scenario", where prisoners who had been convicted under 18 U.S.C. § 924(c)(1) for using a firearm during a drug or violent crime found themselves to be innocent of that

crime when the U.S. Supreme Court subsequently defined "use" in a restrictive manner in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *United States v. Peterman,* 249 F.3d at 462. However, the prisoners were barred from § 2255 relief because successive § 2255 petitions were limited only to newly discovered evidence or a new and retroactive rule of constitutional law. *Id.*

In the present case, petitioner has not demonstrated that his remedy under § 2255 is inadequate or ineffective for bringing an *Apprendi* based challenge to his conviction. In this case, petitioner has already filed one § 2255 motion to vacate sentence, which was denied. Under the AEDPA petitioner is unable to file a second or successive motion to vacate sentence under § 2255 unless he first obtains permission from the Sixth Circuit by showing either:

(1) that he has newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8.

Petitioner admittedly has a problem with bringing an *Apprendi* challenge in a second or successive motion to vacate sentence under § 2255, because the Sixth Circuit has held that the U.S. Supreme Court's holding in *Apprendi* has not been made retroactive to cases on collateral review for the purpose of authorizing a second or successive motion to vacate sentence. *See In Re Clemmons,* 259 F.3d 489 (6th Cir.2001). The Sixth Circuit based its decision on the recent U.S. Supreme Court

case of *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), in which the U.S. Supreme Court held that for purposes of § 2244(b)(2)(A), a new rule of law is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive. *Id.* at 2482. In order for a second or successive petition to be authorized under § 2244(b)(2)(A) and § 2255 ¶ 8(2), the U.S. Supreme Court must explicitly hold that its decision is retroactive to cases on collateral review. *In re Clemmons*, 259 F.3d 489, 492–93 (6th Cir.2001) (citing to *Tyler v. Cain*, 121 S.Ct. at 2481–2482). Because the U.S. Supreme Court has not yet made *Apprendi* retroactive to cases on collateral review, the Sixth Circuit concluded that the movant in *Clemmons* had failed to satisfy the requirements of § 2255 ¶ 8(2) for bringing a second or successive motion to vacate sentence. *Id.*

■ Although petitioner is unable to currently file a second or successive motion to vacate sentence under § 2255, this does not render his remedy under § 2255 inadequate or ineffective for bringing an *Apprendi* based challenge to his conviction. A § 2241 petition for writ of habeas corpus is not available as an alternative mechanism for bringing *Apprendi* based collateral attacks on a criminal conviction and § 2255 remains the sole vehicle that would be appropriate and available for such collateral attacks. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.2001). The fact that *Apprendi* has not yet been made retroactive to cases on collateral review does not make petitioner's remedy under § 2255 an inadequate or ineffective remedy so as to permit him to bring an *Apprendi* challenge in a petition for writ of habeas corpus under § 2241. Relief under § 2255 will become available to petitioners who have previously filed a § 2255 motion if and when *Apprendi* is made retroactively applicable to cases on collateral review. *Bridges v. Vasquez*, 151 F.Supp.2d 1353, 1355 (N.D.Fla.2001). Thus, an *Apprendi* claim may not be brought under § 2241 when § 2255 may "in due course provide adequate and effective relief for any well-founded *Apprendi* claim." *Id.* For prisoners like petitioner who have previously filed § 2255 motions, successive challenges to their conviction based upon *Apprendi* must await Supreme Court action making this constitutional rule retroactive. *Young*, 128 F.Supp.2d at 357.

In the present case, petitioner has failed to demonstrate that his remedy under § 2255 is inadequate or ineffective. Furthermore, petitioner has failed to make a claim of actual innocence. The Court will therefore dismiss the current habeas petition.

## III. ORDER

**IT IS ORDERED** that Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241 IS **DISMISSED.**