James J. RUMLER, # 09931–039, Petitioner,

v.

John HEMINGWAY, Respondent,

No. 01–CV–40173–FL.

United States District Court, E.D. Michigan, Southern Division.

Oct. 17, 2001.

---

James J. Rumler, Milan, MI, pro se.

Patricia Gaedeke, Asst. U.S. Atty., Detroit, MI, for John Hemingway.

*OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND ORDERING THAT THE CASE BE TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A).*

GADOLA, District Judge.

James J. Rumler, (petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se*, petitioner challenges his 1990 convictions and sentences from the U.S. District Court for the Eastern District of Michigan for one count of obstructing and impeding justice, 18 U.S.C. § 1503; conspiracy to make a false declaration before a court, 18 U.S.C. § 1623 & 371; influencing, obstructing, and impeding the administration of justice, 18 U.S.C. § 1503; and the use of false documents, aiding and abetting, 18 U.S.C. § 1001 & 2(A). Petitioner is currently serving a 168 month

prison term for these convictions. For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is denied. It is further ordered that the Clerk of this Court transfer this matter to the Sixth Circuit for a determination as to whether or not petitioner is entitled to a certificate of authorization permitting him to file this as a second or successive motion to vacate sentence under 28 U.S.C. § 2255.

## I. *BACKGROUND*

Petitioner was found guilty after a jury trial in the U.S. District Court for the Eastern District of Michigan. Petitioner's convictions were affirmed on appeal. *United States v. Susskind,* 4 F.3d 1400 (6th Cir.1993)(*en banc* ).

On May 12, 1994, petitioner filed a petition for a writ of mandamus that was construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion was denied on February 16, 1995. The district court's denial of petitioner's motion to vacate was affirmed. *Rumler v. United States,* No. 95–1232, 1996 WL 338603 (6th Cir. June 18, 1996). While petitioner's appeal was pending, he filed a second § 2255 motion. This motion was denied on October 28, 1997. Petitioner appealed and the district court's denial of his second motion to vacate was also affirmed. *Rumler v. United States,* No. 97–2214, 1999 WL 17651 (6th Cir. Jan.4, 1999).

Petitioner has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he seeks habeas relief on the following grounds:

I. The recent United States Supreme Court decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) applies retroactively to Petitioner's third § 2255 motion to vacate, set aside, or correct sentence and therefore he must be re-sentenced,

because material facts which substantially increased his sentence were found only by a preponderance of the evidence.

II. Petitioner's sentence enhancement for commission of an offense while on release is in violation of the Ex Post Facto Clause of the United States Constitution, Art. 1, § 9, cl. 3.

## II. *DISCUSSION*

 A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory,* 181 F.3d 713, 714 (6th Cir.1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F.3d at 756. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent petitioner from

filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law made retroactive by the United States Supreme Court, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief. *Hervey v. United States,* 105 F.Supp.2d 731, 733 (E.D.Mich. 2000)(O'Meara, J.).

■ The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Hervey v. United States,* 105 F.Supp.2d at 733 (citing to *Charles v. Chandler,* 180 F.3d at 757).

As the Sixth Circuit has pointed out, these 'actual innocence' cases all arose from a 'common factual scenario', where prisoners who had been convicted under 18 U.S.C. § 924(c)(1) for using a firearm during a drug or violent crime found themselves to be innocent of that crime when the U.S. Supreme Court subsequently defined 'use' in a restrictive manner in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *United States v. Peterman,* 249 F.3d at 462. However, the prisoners were barred from § 2255 relief because successive § 2255 petitions were limited only to newly discovered evidence or a new and retroactive

rule of constitutional law. *Id.* Courts have therefore found § 2255 to be an inadequate or ineffective remedy to test the legality of the conviction where:

1. at the time of the conviction, the settled law of the Circuit or Supreme Court established the legality of the conviction;

2. subsequent to the prisoner's direct appeal and his or her first § 2255 motion, the substantive law changed such that the conduct for which the prisoner was convicted is deemed not to be criminal; and,

3. the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In Re Jones,* 226 F.3d 328, 333–334 (4th Cir.2000).

Petitioner argues that he is "actually innocent" of the enhancement facts used to increase his offense level. However, the actual innocence exception set forth in *Peterman* is actual innocence of the underlying, substantive offense, not "innocence" of a sentencing factor.

■ Petitioner's claims involve challenges to his conviction and sentence based upon the Ex Post Facto Clause and the recent case of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), where the U.S. Supreme Court held that any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. Petitioner argues that his remedy under § 2255 for bringing his *Apprendi* claims is inadequate or ineffective because he is precluded under the AEDPA from bringing a second or successive motion to vacate sentence in which he could raise these claims.

In the present case, petitioner is unable to demonstrate that his § 2255 remedy

would be inadequate or ineffective for presenting his *Apprendi* or Ex Post Facto claims. The third prong of the inadequate and ineffective analysis set forth in *In Re Jones* cannot be satisfied, because the holding in *Apprendi* involves a new constitutional rule of law. As a constitutional rule, *Apprendi* based challenges are "explicitly subject to the gatekeeping provisions of § 2255". *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.2001). Constitutional challenges to the validity of a conviction or sentence must be brought under section 2255, as Congress had intended. *Id.* For petitioners who have previously filed § 2255 motions, successive challenges must await Supreme Court action making the constitutional rule retroactive. *Young*, 128 F.Supp.2d at 357. Relief under § 2255 will become available to petitioners who have previously filed a § 2255 motion if and when *Apprendi* is made retroactively applicable to cases on collateral review. *Bridges v. Vasquez*, 151 F.Supp.2d 1353, 1355 (N.D.Fla.2001). Thus, an *Apprendi* claim may not be brought under § 2241 when § 2255 may "in due course provide adequate and effective relief for any well-founded *Apprendi* claim." *Id.* Therefore, a § 2241 petition for writ of habeas corpus is not available as an alternative mechanism for bringing an *Apprendi* based collateral attack on a conviction or sentence and § 2255 remains the sole vehicle that would be appropriate for such motions. *Young v. Conley*, 128 F.Supp.2d at 357; *But cf. Harris v. United States*, 119 F.Supp.2d 458 (D.N.J.2000)(Supreme Court's *Apprendi* decision, requir-ing a determination of certain sentence enhancement factors beyond a reasonable doubt, was new interpretation of constitutional law, rendering pre-*Apprendi* defendant's remedy of motion to vacate or correct sentence "inadequate or ineffective," and thereby permitting habeas corpus challenge to lawfulness of his sentence).

This Court finds the reasoning in the *Young* and *Bridges* cases more persuasive than the holding in *Harris v. United States, supra.* There are three circumstances where denial of a remedy on account of a successive § 2255 motion might raise serious constitutional questions:

(1) where newly discovered evidence exists which would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;

(2) where there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;

(3) where a subsequent court decision alters the prevailing interpretation of a statute and makes clear that the petitioner's conduct did not violate the statute, hence the conviction must be vacated.

*Conley v. Crabtree*, 14 F.Supp.2d 1203, 1205–1206 (D.Or.1998)(internal citations omitted).

The first two circumstances are already covered by the express exceptions to the prohibition against filing of a second or successive petition found in § 2255.[1] Only

---

1. Petitioner cites *United States v. Murphy*, 109 F.Supp.2d 1059, 1063–64 (D.Minn.2000) and *Jackson v. United States*, 129 F.Supp.2d 1053, 1057–59 (E.D.Mich.2000), to support his claim that *Apprendi* should be applied retroactively to his successive petition because it announced a rule "so grounded in fundamental fairness that it may be considered of watershed importance." *Murphy*, 109

F.Supp.2d at 1064. *Murphy* and *Jackson* do not apply to petitioner's case, however, because they both involved first § 2255 motions, not second or successive motions. In *Jackson*, the district judge carefully noted that the gatekeeping provisions of § 2255 concerning second or successive motions to vacate explicitly state that a second or successive petition is allowed where "a new rule of constitutional

in the third circumstance may the individual proceed via a § 2241 petition, since in the first two circumstances § 2255 provides an adequate remedy. *Id.* Even then, before proceeding with a § 2241 petition, the individual must first apply for and be denied § 2255 certification by the appropriate Court of Appeals, unless existing circuit precedent clearly establishes that the application for certification would be futile. *Conley,* 14 F.Supp.2d at 1206.

In the present case, petitioner is unable to utilize the savings clause of § 2255 to bring an *Apprendi* challenge pursuant to § 2241. *Apprendi* involves a new rule of constitutional law and would therefore be expressly covered by the gatekeeping provisions of § 2255. Petitioner has not attempted to obtain a certificate of authorization from the Sixth Circuit to file a second or successive motion to vacate sentence with which to bring his *Apprendi* claims, nor has he shown that it would be futile to do so, in light of the fact that the Sixth Circuit has yet to rule whether the holding in *Apprendi* could be applied retroactively to permit the filing of second or successive § 2255 motions or petitions. Similarly, petitioner has not shown that a § 2255 motion is inadequate for presenting an Ex Post Facto challenge. Accordingly, petitioner is not entitled to habeas relief on these claims.

The Court will therefore deny the petition for writ of habeas corpus. The Court will also transfer the matter to the Sixth Circuit for a determination of whether petitioner is entitled to file a second or successive motion to vacate sentence challenging his convictions. The Sixth Circuit has suggested that the proper procedure in these types of cases would be for the district court to deny relief on the petition for writ of habeas corpus under § 2241 and then transfer the matter to the Sixth Circuit for a determination of whether petitioner is entitled to a certificate of authorization to file a second or successive § 2255 motion to vacate sentence. *See Hervey v. United States,* 105 F.Supp.2d at 735, fn. 1 (*citing to In Re Genoa,* U.S.C.A. 99–2046 (6th Cir. December 14, 1999).

Before a second or successive motion to vacate sentence is filed in a federal district court, an inmate shall first file a motion with the Sixth Circuit Court of Appeals requesting permission to file a second or successive motion to vacate sentence. *In re Hanserd,* 123 F.3d 922, 934 (6th Cir.1997). If a second or successive motion to vacate sentence is erroneously filed with the district court, the court should transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *Id.;citing to In Re Sims,* 111 F.3d 45, 47 (6th Cir.1997). Under the AEDPA, a fed-

---

law [is] made retroactive to cases on collateral review *by the United States Supreme Court.*" 28 U.S.C. § 2255 (emphasis supplied). The provision of § 2255 concerning when the statute of limitations begins to run refers to a "right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). The court held in *Jackson* that, because the second or successive petition gatekeeping provision states that the rule must be made retroactive by the Supreme Court for the exception to apply, but the statute of limitations provision does not, "a lower federal court's holding that a newly-recog-

nized right applies retroactively for purposes of collateral review suffices to make that right retroactively applicable *to a party's first petition under § 2255.*" *Jackson,* 129 F.Supp.2d at 1057 (emphasis supplied). This holding from *Jackson* does not apply to the present case, because this is not petitioner's first petition under § 2255. On the contrary, the present case is petitioner's third § 2255 petition. Hence, the retroactivity issue is controlled by the gatekeeping provision which states that a petition must rely on a rule made retroactive by the United States Supreme Court to qualify as an exception to the prohibition against second or successive petitions.

eral district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D.Mich.1999)(Gadola, J.). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* This Court will transfer this matter to the Sixth Circuit for a determination of whether petitioner is entitled to a certificate of authorization to file a second motion to vacate sentence pursuant to 28 U.S.C. § 2255.

### III. *ORDER*

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Docket No. 1, filed July 20, 2001) is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Hervey v. United States,* 105 F.Supp.2d at 736, petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

The Court **FURTHER ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims,* 111 F.3d 45, 47 (6th Cir.1997) for a determination of whether petitioner can file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.