**Johnny ROBINSON, Petitioner–Appellant,**

v.

**Marvin D. MORRISON, Warden, Respondent–Appellee.**

No. 01–6048.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Johnny Robinson, a pro se federal prisoner, appeals from a district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Robinson also moves for in forma pauperis status. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Robinson, a prisoner at the Federal Correctional Institution in Forrest City, Arkansas, filed his § 2241 petition in the district court for the Western District of Tennessee, the court which sentenced him on drug and weapons convictions. Robinson's § 2241 petition challenged those convictions. Robinson claimed that he was actually innocent of the offenses, that he received ineffective assistance of counsel, and that the court lacked jurisdiction over the offenses. The district court dismissed the petition on the ground that the court lacked jurisdiction over the warden located in Arkansas.

While a motion to vacate sentence under 28 U.S.C. § 2255 must be filed in the district court which sentenced the movant, a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian. *In re Gregory,* 181 F.3d 713, 714 (6th Cir.1999). The district court in Tennessee does not have jurisdiction over the warden of the federal prison in Arkansas, where petitioner is incarcerated. Therefore, the district court properly dismissed the case. We note that this dismissal is without prejudice to Robinson's ability to file a § 2241 petition in the Arkansas district court.

The motion for in forma pauperis status is granted solely for the purpose of deciding this appeal, and the judgment of the district court is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.