UNITED STATES of America,
Plaintiff–Appellee,

v.

Gerald Donald CROSS and Dwane Heaton, Jr., Defendants–Appellants.

No. 89–9031.

United States Court of Appeals,
Eleventh Circuit.

Nov. 1, 1990.

Tom Jarrard, Gainesville, Ga., for defendant-appellant Dwane Heaton, Jr.

Michael E. Neidenbach, Gainesville, Ga., for defendant-appellant Gerald Donald Cross.

Robert L. Barr, Jr., U.S. Atty., Carolyn J. Adams, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee U.S.

Before TJOFLAT, Chief Judge, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

This case presents the question of whether the quantity of marijuana involved in a conviction for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana constitutes an essential element of that offense as set forth under 21 U.S.C. §§ 841(a)(1) and 846, so that the government must allege and prove quantity in order to impose sentence under 21 U.S.C. § 841(b)(1)(B)(vii). We hold that it does not.

*Facts*

Defendants Gerald Cross and Dwane Heaton, Jr. were indicted for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana, in violation of Title 21 United States Code, Sections 846 and 841. Following a trial by jury, both defendants were convicted on both counts. Defendant Cross was sentenced to sixty months incarceration and five years supervised release. Defendant Heaton was sentenced to sixty-three months incarceration and five years supervised release. Both defendants appeal their sentences. The defendants allege that the trial judge improperly applied the minimum mandatory sentence of five years, because the indictment under which they were convicted failed to allege a specific quantity of marijuana, and because the jury verdict returned against them similarly failed to specify quantity.

*Discussion*

Defendants assert that in order to justify the imposition of the five year minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B)(vii), the government was required to allege and prove at trial beyond a reasonable doubt the specific amount of marijuana involved in their offense. We disagree. The Supreme Court has held that the prosecution need not "prove beyond a reasonable doubt every fact, the existence or nonexistence of which it is willing to recognize as an exculpatory or

mitigating circumstance affecting the degree of culpability or the severity of punishment." *McMillan v. Pennsylvania*, 477 U.S. 79, 84, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986) (quoting *Patterson v. New York*, 432 U.S. 197, 214, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281 (1977)). In determining which facts must be proven beyond a reasonable doubt, the legislature's definition of the elements of an offense controls. *Id.* 477 U.S. at 85, 106 S.Ct. at 2415–16. Thus, the prosecution is only required to prove beyond a reasonable doubt "all of the elements *included in the definition of the offense* of which the defendant is charged." *Id.* (quoting *Patterson*, 432 U.S. at 210, 97 S.Ct. at 2327 (emphasis added)).

A violation of 21 U.S.C. § 841(a)(1) has been held to occur without regard to the nature and quantity of the controlled substance. *U.S. v. Williams*, 876 F.2d 1521, 1525 (11th Cir.1989).[1] Subsection (a) of section 841 defines only the "prohibited acts" under that statute. *U.S. v. Wood*, 834 F.2d 1382, 1388 (8th Cir.1987). Subsection (b) of section 841, in contrast, operates as a sentencing provision and only becomes applicable after a defendant has been convicted of a crime under § 841(a). *Id.* Under *McMillan*, therefore, the government would not be required to prove quantity as an essential element of the charge under § 841(a)(1) because quantity is not included as an element in the definition of the offense under that subsection.

The quantity of marijuana in the defendants' possession only becomes relevant with regard to sentencing under § 841(b)(1)(B)(vii). *Williams*, 876 F.2d at 1525; *U.S. v. Smith*, 840 F.2d 886, 888 (11th Cir.1988). Furthermore, district courts are required by due process to make factual determinations at sentencing only by a preponderance of the evidence. *U.S. v. Restrepo*, 903 F.2d 648, 654 (9th Cir. 1990); *U.S. v. Alston*, 895 F.2d 1362, 1372–73 (11th Cir.1990).

**1.** That subsection quite simply provides:
Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

    (1) to manufacture, distribute, or dispense, a controlled substance;
21 U.S.C. § 841(a)(1) (1988).

For the above reasons, the district court judge did not improperly consider the amount of marijuana possessed by the defendants in determining the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B)(vii). We therefore affirm the convictions of both defendants, as well as the sentences imposed by the district court.