**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tammy MILTON, Defendant–Appellant.**

**No. 91–5481
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 13, 1992.

Faith Mesnekoff, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Harriet R. Galvin, and Ana Maria Martinez, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH, COX and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Tammy Milton was arrested on February 2, 1991, in Miami International Airport. At the time of her arrest, Milton was carrying 502 grams of 90% pure cocaine hydrochloride.

On February 12, 1991, a federal grand jury returned a two-count Indictment against Milton. Count I charged her with importing a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b) and 18 U.S.C. § 2. The Indictment did not allege the amount of cocaine involved in the crime. Milton pled guilty to both counts.

Before sentencing, a presentence investigation report (PSI) was prepared. The PSI set Milton's offense level at 26 because the offense involved at least 500 grams of cocaine. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(9) (Nov.1991). The PSI also recommended a two-level adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), yielding an adjusted offense level of 24. Under the Guidelines, the applicable sentencing range would have been 51 to 63 months. U.S.S.G. Ch. 5, Pt. A. However, pursuant to 21 U.S.C. § 841(b)(1)(B)(ii), the statutory minimum sentence for this crime is 60 months. Therefore, the final Guideline range for Milton's offense was 60 to 63 months. *See* U.S.S.G. § 5G1.1(c)(2). Milton was sentenced to 60 months imprisonment, 4 years supervised release, and a

$100 special assessment. Milton appeals her sentence.

 On appeal, Milton argues that the statutory minimum of 60 months should not be applied because the Indictment did not allege that she was carrying at least 500 grams of cocaine. This contention has no merit, in light of *United States v. Cross*, 916 F.2d 622, 623–24 (11th Cir.1991), in which this court held that the government need not allege in the Indictment or prove at trial the specific amount of drugs involved in an offense in order to use such information to determine the relevant sentence under 21 U.S.C. § 841(b)(1)(B).

Milton also claims that she should have been sentenced under a lower but overlapping Guideline range. We do not, however, need to resolve this conflict if we are satisfied that the same sentence would have been imposed under either Guideline range. *United States v. Concemi*, 957 F.2d 942 (1992); *United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir.1992); *United States v. Dillon*, 905 F.2d 1034, 1037–38 (7th Cir.1990); *United States v. Bermingham*, 855 F.2d 925, 926 (2nd Cir. 1988). The district judge stated that "60 months is fair whatever side you take." (R. 2–9). The judge further stated that although Milton might have been a candidate for a 51 month sentence he would not have given it to her because "the folks coming through in the same situation are all, regardless, are in the neighborhood of five years." (R. 2–10). The record in this case satisfies this court that Milton would have been sentenced to 60 months regardless of which range was applied. Therefore, we need not resolve the question concerning which Guideline range is applicable. Accordingly, the district court's sentencing order is AFFIRMED.