**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tammy MILTON, Defendant–Appellant.**

No. 91–5481
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 21, 1992.

Faith Mesnekoff, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Harriet R. Galvin, Ana Maria Martinez, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH, COX and DUBINA, Circuit Judges.

PER CURIAM:

The original panel hereby grants rehearing; the previous panel opinion dated July 13, 1992, published at 965 F.2d 1037 (11th Cir.1992), is withdrawn in its entirety, and the following opinion is substituted therefor:

Appellant Tammy Milton was arrested on February 2, 1991, in Miami International Airport. At the time of her arrest, Milton was carrying 502 grams of 90% pure cocaine hydrochloride.

On February 12, 1991, a federal grand jury returned a two-count Indictment against Milton. Count I charged her with importing a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b) and 18 U.S.C. § 2. The Indictment did not allege the amount of cocaine involved in the crime. Milton pled guilty to both counts.

Before sentencing, a presentence investigation report (PSI) was prepared. The PSI set Milton's offense level at 26 because the offense involved at least 500 grams of cocaine. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(9) (Nov.1991). The PSI also recommended a two-level adjustment for acceptance of responsibility, *see* U:S.S.G. § 3E1.1(a), yielding an adjusted offense level of 24. Under the Guidelines, the applicable sentencing range would have been 51 to 63 months.

U.S.S.G. Ch. 5, Pt. A. However, pursuant to 21 U.S.C. § 841(b)(1)(B)(ii), the statutory minimum sentence for this crime is 60 months. Therefore, the final Guideline range for Milton's offense was 60 to 63 months. *See* U.S.S.G. § 5G1.1(c)(2). Milton was sentenced to 60 months imprisonment, 4 years supervised release, and a $100 special assessment. Milton appeals her sentence.

On appeal, Milton argues that the statutory minimum of 60 months should not be applied because the Indictment did not allege that she was carrying at least 500 grams of cocaine. This contention has no merit, in light of *United States v. Cross*, 916 F.2d 622, 623–24 (11th Cir.1991), in which this court held that the government need not allege in the Indictment or prove at trial the specific amount of drugs involved in an offense in order to use such information to determine the relevant sentence under 21 U.S.C. § 841(b)(1)(B).

Milton also contends that she should have been sentenced under a lower but overlapping guideline range. Our determination that a statutory minimum 60 months sentence was properly imposed makes it unnecessary for us to address this argument.

The district court's sentencing order is AFFIRMED.