14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James JOHNSON, a/k/a Farmer, Defendant-Appellant.
 No. 93-6126.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1993.
Decided Dec. 22, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge.
 James Johnson, appellant pro se.
 Lynne Ann Battaglia, U.S. Atty., Katharine Jacobs Armentrout, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Johnson appeals from the district court's decision denying relief under 28 U.S.C. Sec. 2255 (1988). For the reasons stated below we affirm the district court.
 
 
 2
 Johnson pled guilty to conspiracy to distribute heroin, 21 U.S.C. Sec. 846 (1988), under a plea agreement in which he stipulated that the amount of heroin involved in the conspiracy and reasonably foreseeable to him was between 3 and 9.9 kilograms. Johnson appealed the resulting conviction, but the appeal was dismissed as untimely. United States v. Johnson, No. 91-5149 (4th Cir. May 7, 1992) (unpublished).
 
 
 3
 Johnson then filed the present petition under Sec. 2255 raising four claims: counsel was ineffective for (1) failing to investigate the facts and law underlying the computation of the base offense level, (2) failing to investigate the authority of the state drug task force to transfer his prosecution to federal authorities, and (3) improperly advising Johnson about the penalties he faced under Sec. 846; and that (4) his guilty plea was involuntary because he had been improperly advised about the potential penalty. The Government filed a response including an affidavit from Johnson's trial counsel, and Johnson filed a traverse. The district court subsequently issued an order denying relief "for the reasons stated by the government in its ... pleadings." Johnson filed a timely notice of appeal.
 
 
 4
 Johnson's first claim is that the amount of drugs attributed to him in the presentence report was not reasonably foreseeable and that counsel was ineffective for failing to adequately investigate the facts and law relevant to the issue of foreseeability. This claim is meritless.
 
 
 5
 In the plea agreement Johnson stipulated that the amount of drugs involved in the conspiracy and reasonably foreseeable to him was between 3 and 9.9 kilograms. He cannot now challenge this concession. Furthermore, the base offense level computed for Johnson was the same as long as the amount of heroin involved was between three and ten kilograms; thus, as long as the Government established that Johnson could have reasonably foreseen at least three kilograms the base offense level was correct. Testimony of other defendants during other trials demonstrated that Johnson was directly involved with at least four kilograms himself. Accordingly, there was sufficient evidence establishing Johnson's involvement with more than three kilograms of heroin, and counsel was therefore not ineffective for failing to further investigate the reasonable foreseeability of the amount attributed to Johnson.
 
 
 6
 Johnson's next claim is that counsel was ineffective for failing to investigate the authority of the "Baltimore County Task Force" to transfer his prosecution to federal authorities.
 
 
 7
 Under the separate sovereigns doctrine it is clear that the United States has the authority to prosecute someone for conduct which is also a crime under state law regardless of whether a prosecution has been commenced, or a conviction obtained, in state court. Abbate v. United States, 359 U.S. 187, 194-96 (1959). A defendant may be prosecuted in federal court even if no federal officer or agent participated in the investigation or arrest of the defendant. See, e.g., United States v. Smith, 727 F.Supp. 1023 (W.D. Va.1990). The fact that a defendant is arrested and charged with a state crime, and then transferred to federal authorities for prosecution, does not, by itself, offend due process. United States v. Williams, 963 F.2d 1337, 1342 (10th Cir.1992); United States v. Mills, 925 F.2d 455, 461 (D.C.Cir.1991), aff'd en banc, 964 F.2d 1186, 1188 n. 3 (D.C.Cir.), cert. denied, 61 U.S.L.W. 3354 (U.S.1992); United States v. Turpin, 920 F.2d 1377, 1388 (8th Cir.1990), cert. denied, 59 U.S.L.W. 3673 (U.S.1991).
 
 
 8
 In his traverse Johnson contended that his constitutional rights were violated because all of the female defendants were tried in state court while all of the male defendants had their cases transferred to federal court.[1] The district court did not address this claim because it adopted the Government's response, which was filed prior to filing of Johnson's traverse.
 
 
 9
 It is well settled that a voluntary and counseled guilty plea forecloses federal collateral review of allegations of prior constitutional violations. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Our review of this claim is thus limited to an examination of whether counsel's alleged ineffectiveness affected the voluntariness of Johnson's guilty plea. Fields v. Attorney General, 956 F.2d 1290, 1295 (4th Cir.1992).
 
 
 10
 Although the district court did not address this claim, the equal protection issue raised, even if legitimate, does not concern the voluntary nature of Johnson's guilty plea. Prosecutors possess a considerable range of discretion in determining how or whether to prosecute accuseds. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Given the dearth of information in the record supporting Johnson's claim, it is highly unlikely that he could show that the decision to prosecute some defendants in state court and others in federal court was based even in part on the impermissible criterion of gender. More importantly, at no point does Johnson allege that his counsel's failure to challenge the asserted selective transferal had an affect on his decision to plead guilty. Without such an assertion, this claim is meritless.
 
 
 11
 Johnson's final claim is that he was not accurately informed of the potential penalty prior to his guilty plea. Persons charged under Sec. 846 are subject to the same penalties applicable to the object offense underlying the conspiracy, in this case 21 U.S.C.Sec. 841(a)(1) (1988). The penalties applicable to violations of Sec. 841(a)(1) are set forth in 21 U.S.C. Sec. 841(b) (1988 & Supp. II 1990). Under Sec. 841(b)(1)(A), a person convicted of distributing one kilogram or more of heroin is subject to a sentence of at least ten years, and up to life. Under Sec. 841(b)(1)(C), a person convicted of distributing an undetermined amount of heroin is subject to a sentence of no more than twenty years, with no mandatory minimum sentence.
 
 
 12
 Johnson contends that because the indictment charged him with an undetermined amount of heroin,[2] he was properly subject only to the penalty provisions of Sec. 841(b)(1)(C) and, therefore, his attorney and the judge erred by advising him that he faced a mandatory minimum sentence of ten years. Johnson's argument ignores the fact that at the time he pled guilty he had already entered into a plea agreement in which he admitted to being involved with the distribution of in excess of three kilograms. As a result of this agreement he was clearly subject to the penalty provisions in Sec. 841(b)(1)(B) and was therefore properly advised by the court and by counsel. This claim is without merit.
 
 
 13
 Accordingly, the denial of relief on all claims is affirmed. We deny Johnson's motion for appointment of counsel.[3] We deny Johnson's motion for oral argument and dispense with argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 While Johnson contended that this raised a due process issue, it is more properly characterized as an equal protection claim
 
 
 [2]
 The Government is not required to allege a specific amount of narcotics in the indictment to be able to seek a penalty under Sec. 841(b)(1)(B). United States v. Milton, 979 F.2d 839, 840 (11th Cir.1992)
 
 
 [3]
 In addition, we note that because the Government attached an affidavit to its response to Johnson's motion it was properly treated as a motion for summary judgment. Fed.R.Civ.P. 12(b). The district court did not give Johnson the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), before summary judgment was granted. The error was harmless as to those claims on which we have affirmed the denial of relief because Johnson was not entitled to relief on any of these claims as a matter of law