[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13703

Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 29, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20325-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS VILLAVICENCIO,
a.k.a. Carlito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 29, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Villavicencio appeals from his conviction for conspiracy to possess

with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. On

appeal, Villavicencio argues that: (1) the government failed to present sufficient evidence to establish a conspiracy to possess methamphetamine, and the evidence that was produced resulted in a material variance from the indictment; and (2) the district court abused its discretion by admitting evidence of his cocaine possession because it bore no relation to the charged crime and was highly prejudicial. After thorough review, we affirm.

We review the record for sufficiency of the evidence de novo in the light most favorable to the government. United States v. Brown, 40 F.3d 1218, 1221 (11th Cir. 1994). Ordinarily, the issue of variance between indictment and proof at trial is one form of a challenge to the sufficiency of the evidence. United States v. Jenkins, 779 F.2d 606, 616 (11th Cir. 1986). If, however, a defendant does not raise the issue of variance before the trial court, it is reviewed for plain error. United States v. Dennis, 237 F.3d 1295, 1300 (11th Cir. 2001). We normally review the admission of prior crimes or bad acts for abuse of discretion. United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008). Where, however, the error is invited, we are precluded from invoking the plain error rule and reversing. United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005).

The relevant facts, as gleaned from the trial transcript, are straightforward. Jose Terazon testified that he ran a methamphetamine ring, in which he would mail

the drug to Scarlett Herrera and Natalie Gianella for distribution in South Florida. At some point, Herrera introduced Terazon to Villavicencio, and Terazon later agreed to pay Villavicencio $1000 per ounce to sell the drug. The first transaction, at which Terazon was present, was for one ounce, and subsequent transactions, at which Terazon used a man named Juan Luis Sanchez-Reyes, were for two ounces, one ounce, and eight ounces, respectively. In August 2005, Terazon sent a five-pound package to Sanchez-Reyes and Gianella, two to three pounds of which were for Villavicencio, but police intercepted the package and arrested Sanchez-Reyes and Gianella. On cross-examination, Terazon testified that although the factual proffer with his guilty plea did not specifically state that two to three pounds were to go to Villavicencio, that was the intention.

Sanchez-Reyes testified that Herrera and Terazon introduced him to Villavicencio, to whom Sanchez-Reyes sold methamphetamine that he received from Terazon. The first deal was for one ounce at $800, and a man named Juan Madiedo came with Villavicencio to the first two deals. Ultimately, Sanchez-Reyes sold methamphetamine to Villavicencio on five occasions. On the day he was arrested, he was supposed to give eight ounces of the five-pound shipment to Villavicencio. On cross-examination, he said that Terazon never told him that he

was supposed to give Villavicencio two or three pounds from the five pound shipment, and that he collected $800 an ounce, not $1000.

Others testified as well, including: (1) Herrera, who said that during the conspiracy with Villavicencio to sell methamphetamine, Villavicencio asked her to contact Terazon to arrange a methamphetamine transaction, and she ultimately brokered two more deals -- one for about four ounces and one for about half of a pound -- between Terazon and Villavicencio; (2) Gianella, who said that before she was arrested with Sanchez-Reyes on their way to pick up the five-pound shipment -- of which Villavicencio was to receive about nine ounces -- Villavicencio called Sanchez-Reyes about the shipment; (3) Madiedo, who said that he bought methamphetamine from Villavicencio on many occasions, and that he was in the car with Villavicencio at the first transaction with Terazon and in the transactions with Sanchez-Reyes; and (4) Drug Enforcement Agency ("DEA") Agent Todd Phillips, who testified about a search of Villavicencio's bedroom, was asked by defense counsel on cross-examination if two grams of cocaine were found during the search, and replied that they were. Later in the trial, the government introduced a stipulation of facts providing that two grams of cocaine were recovered from a search of Villavicencio's bedroom, and Villavicencio did not object to the admission of the stipulation.

During the jury instructions, the district court informed the jury that it had heard testimony from persons who had entered into plea bargains with the government, and that such agreements were legal, but that the jury should consider their testimony with more caution than testimony of other witnesses. The jury nonetheless found Villavicencio guilty. The district court then ordered the preparation of a presentence investigation report ("PSI"), which stated that Villavicencio was directly responsible for 368.543 grams of methamphetamine. The district court sentenced Villavicencio to 120 months' imprisonment and 5 years' supervised release. This appeal follows.

First, we find no merit in Villavicencio's contention that there was insufficient evidence to establish a conspiracy to possess methamphetamine. A person who conspires to possess with the intent to distribute a controlled substance is subject to the same penalties as if he was charged with possession with intent to distribute. 21 U.S.C. §§ 846, 841(a)(1). A violation of § 841(a) occurs without regard to the nature and quantity of the controlled substance, and § 841(b) is a sentencing provision that only becomes applicable after a defendant has been convicted. United States v. Cross, 916 F.2d 622, 623 (11th Cir. 1990). "A conviction for conspiracy to distribute drugs in violation of 21 U.S.C. § 846 requires evidence that persuades the trier of fact beyond a reasonable doubt, that

(1) a conspiracy (or agreement) existed between Defendants or between Defendants and others; (2) Defendants knew the essential objects of the conspiracy, which are to do either an unlawful act or lawful act by unlawful means; and (3) Defendants knowingly and voluntarily participated in the conspiracy." United States v. Westry, 524 F.3d 1198, 1212 (11th Cir. 2008).

As summarized above, the testimony adduced at trial provided ample evidence of Villavicencio's knowing and voluntary agreement with Terazon to sell methamphetamine. And contrary to Villavicencio's suggestion on appeal, the government did not need to introduce into evidence the methamphetamine that was sold nor any physical evidence, because in a conspiracy case, the essence of the crime is the illegal agreement. The government fully met its burden of adducing sufficient evidence to enable a reasonable factfinder to find beyond a reasonable doubt the existence of a conspiracy to possess with intent to distribute a controlled substance. Westry, 524 F.3d at 1212.

Moreover, the government did not fail to introduce sufficient evidence simply because most of its witnesses were also involved in the conspiracy. As shown above, the testimony of the witnesses involved information reasonably within the potential knowledge of the witnesses -- including existence of the conspiracy and the amount of drugs involved -- and thus was not incredible as a

6

matter of law. See United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) (holding that testimony is only incredible as a matter of law where it is outside the bounds of nature or the possible observation of a witness); see also Brown, 40 F.3d at 1221 (holding that a jury is free to choose among the constructions of the evidence). As a result, we will not revisit the jury's credibility determinations, see United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999), especially where, as here, the jury was warned about the fact that the witnesses had agreed to cooperate.

We are also unpersuaded by Villavicencio's contention that his conviction constituted a material variance from the indictment. We will only reverse a conviction for a variance if the variance is material and substantially prejudices the defendant. United States v. Edouard, 485 F.3d 1324, 1347 (11th Cir. 2007). "A material variance between an indictment and the government's proof at trial occurs if the government proves multiple conspiracies under an indictment alleging only a single conspiracy." United States v. Moore, 525 F.3d 1033, 1042 (11th Cir. 2008) (quotation omitted). The arguable existence of multiple conspiracies does not constitute a material variance if a reasonable trier of fact could have found, beyond a reasonable doubt, that a single (charged) conspiracy existed, and we will not disturb the determination of a jury if supported by substantial evidence. Id.

"In determining whether a jury could have found a single conspiracy, this Court considers: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants." Id. Separate transactions are not separate conspiracies as long as the participants act in concert to further the common goal, and it is irrelevant if a particular co-conspirator did not participate in every stage of the conspiracy. Id. The finding of a conspiracy is permitted where a "key man" directs and coordinates the activities and individual efforts of various combinations of people. Edouard, 485 F.3d at 1347.

Here, because Villavicencio did not raise the issue until the appeals stage, we review it only for plain error. See Dennis, 237 F.3d at 1300. Regardless of the standard of review, however, the evidence adduced at trial showed that the same persons were involved in the same plan to distribute the same substance, supporting a finding of a single conspiracy, rather than multiple conspiracies. In particular, the conspiracy began with a discussion between Villavicencio and Terazon about Villavicencio distributing methamphetamine for Terazon. Villavicencio then proceeded to continue to sell methamphetamine for Terazon on at least five occasions, working with both Herrera and Sanchez-Reyes. The object of the conspiracy, the persons involved, and the methods used stayed consistent throughout the charged time period. See Moore, 525 F.3d at 1042. In addition,

8

Terazon functioned as a "key man" and directed the activities of the individuals involved. See Edouard, 485 F.3d at 1347. As a result, the conspiracy presented at trial was a single conspiracy, and did not result in a material variation from the indictment. See Moore, 525 F.3d at 1042.

Finally, we reject Villavicencio's argument that the district court abused its discretion in allowing evidence of Villavicencio's cocaine possession to be admitted. Under Rule 404(b) evidence of prior bad acts is not admissible to prove the character of a person in order to show action in conformity therewith but may be introduced to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b).

The doctrine of invited error is implicated when a party induces or invites the district court into making an error and where such error exists, we are precluded from reversing. Silvestri, 409 F.3d at 1327. We have held that where a defendant stipulates to admission of evidence he is later precluded from challenging such admission for constitutional error. United States v. Jernigan, 341 F.3d 1273, 1290 (11th Cir. 2003). Furthermore, "[i]t is elementary that appellants must perfect the record so as to support the issues which they present on appeal." United States v. Gutierrez, 931 F.2d 1482, 1491 (11th Cir. 1991).

Here, Villavicencio invited the error he now challenges on appeal by introducing the fact that cocaine was discovered at a search of his house to the jury when his counsel cross-examined Agent Phillips, and by agreeing to the government's stipulation of facts. He is therefore precluded from challenging the admission of this evidence. See Silvestri, 409 F.3d at 1327 (holding that invited error precludes review); Jernigan, 341 F.3d at 1290 (holding that stipulating to the admission of evidence is invited error). But even if the error was not invited and was, instead, the result of an adverse ruling on admissibility, Villavicencio has failed to meet his burden of providing information concerning the district court's ruling, and it is not readily discernible from the record. See Gutierrez, 931 F.2d at 1490. As a result, Villavicencio cannot show that the district court was responsible for admitting the evidence, and therefore, cannot show that the court abused its discretion. Accordingly, we affirm.

**AFFIRMED.**