UNITED STATES of America, Plaintiff–Appellee,

v.

John Paul ZERICK, Defendant–Appellant.

No. 91–3053.

United States Court of Appeals, Eleventh Circuit.

June 25, 1992.

Eric M. Cohen, Coral Gables, Fla., for defendant-appellant.

Benjamin W. Beard and Randall J. Hensel, Asst. U.S. Attys., Pensacola, Fla., for plaintiff-appellee.

Before FAY and EDMONDSON, Circuit Judges, and ATKINS [*], Senior District Judge.

EDMONDSON, Circuit Judge:

A grand jury in the Northern District of Florida indicted John Zerick and a codefendant for three counts of cocaine trafficking. Pursuant to an agreement with the government, Zerick pled guilty to Count II, conspiring to possess with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] The other charges were dismissed.

Finding Zerick responsible for more than five kilograms of cocaine, the district court sentenced Zerick to ten years imprisonment, the statutory minimum mandated by 21 U.S.C. § 841(b)(1)(A)(ii) for that quantity of cocaine.[2] On appeal Zerick claims his sentence is invalid because the indictment provided no notice that the ten year minimum might apply.[3] We affirm the district court.[4]

Zerick relies on *United States v. Alvarez*, 735 F.2d 461 (11th Cir.1984). Like Zerick, the defendants in *Alvarez* were convicted under 21 U.S.C. §§ 841(a)(1) and 846. But the indictment in that case contained

---

[*] Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

[1.] Section 841(a) defines the unlawful trafficking acts; section 846 applies to attempts or conspiracies to commit those acts.

[2.] "[A]ny person who violates subsection (a) of this section shall be sentenced as follows: In the case of a violation of subsection (a) of this section involving 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ..." 21 U.S.C. § 841(b)(1)(A)(ii).

[3.] The statutory minimum sentence for violations involving 500 or more grams of cocaine is five years. *See* 21 U.S.C. § 841(b)(1)(B)(ii).

[4.] Zerick admits that if the court decides against him on the indictment issue, any error in determining his base offense level (for sentencing guideline purposes) is harmless.

no allegation of the quantity of marijuana involved, and the defendants, unlike Zerick, had no way of knowing they might be subjected to an enhanced penalty. The *Alvarez* court concluded that where no quantity of marijuana was specifically alleged in the indictment, and it was "impossible to ascertain from the general verdict either the substance or quantity upon which the jury based its result," defendants could not be subjected to enhanced sentences based on quantity.

The circumstances leading to Zerick's sentence are different. First, Zerick's indictment specified the involvement of a particular quantity of cocaine. "When an indictment does allege that a particular quantity is involved, the effect is only to put the defendant on notice that the enhanced penalty provisions of Section 841(b) *may* apply." *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.) (emphasis added), *cert. denied,* — U.S. —, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990). In this case, the indictment stated that the quantity of cocaine involved was "500 grams *or more*" (emphasis added), a phrase which we think, for warning purposes, encompasses all amounts over 500 grams of cocaine, including five kilograms. Therefore, Zerick was notified by the indictment that an enhanced penalty, including a five kilogram penalty, was potentially available.

Besides being advised by the language of the indictment itself, Zerick received notice of his sentencing prospects during his rearraignment and before the entry of his guilty plea.[5] A transcript of the proceedings shows that the government explained, in the presence of Zerick and his counsel, that it had evidence to show Zerick's connection to more than five kilograms of cocaine. After pointing out that the defense contested that quantity, the government noted that the penalties "vary depending on the amount of the cocaine,"

and proceeded to outline the different sentencing ranges for violations involving 500 grams and five kilograms of cocaine. The judge followed this up by repeating the information to Zerick and his codefendant:

> You understand the significance of the five kilogram quantity? If it's between five hundred grams and five kilograms then your sentence is a minimum of five years and as much as forty years in prison without parole. If it's over five kilograms then the sentence is a ten-year minimum mandatory and up to life. Do you understand that?

Zerick replied, "Yes, sir." Record Volume II at 24. The judge went on to explain differences in supervised release and fines that varied with the drug quantity determined at sentencing.

We also note that Zerick's counsel maintained his objection to the amount of cocaine the government cited throughout the proceedings in the district court. "Defendants undermine their claim of lack of notice by admitting in their briefs that they vigorously and continuously challenged the exact quantity of cocaine ... Their concern with the ... amount reveals that they were aware of the enhanced penalties associated with [the charge]." *See United States v. Ocampo*, 890 F.2d 1363, 1373 (7th Cir.1989) (indictment tracking language of statute and citing "approximately 500 grams of cocaine" sufficient to give notice).

Because Zerick had more than sufficient notice—in particular, the "500 grams *or more*" language in the indictment—that he could be subject to sentencing for an amount of cocaine greater than 500 grams, we find no error in the district court's sentence.

AFFIRMED.

---

**5.** A guilty plea constitutes "an admission of all the elements of a formal criminal charge." *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). But quantity is no element of 21 U.S.C. § 841(a)(1), *see United States v. Andrews,* 953 F.2d 1312, 1318 (11th Cir.1992); *United States v. Van Hemelryck,* 945 F.2d 1493, 1503 (11th Cir.1991);

*United States v. Cross,* 916 F.2d 622, 623 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1331, 113 L.Ed.2d 263 (1991); so Zerick's guilty plea did not constitute an admission that Zerick conspired to possess with intent to distribute any particular amount of cocaine. *See Martinez-Benitez v. I.N.S.,* 956 F.2d 1053, 1056 (11th Cir.1992).