[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11136
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00100-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH MAURICE JOHNSON,
a.k.a. Randy Johnson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 8, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kenneth Maurice Johnson appeals his convictions and sentence of 120

months of imprisonment for conspiracy to possess with intent to distribute cocaine and possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1); 21 U.S.C. § 846. Johnson challenges the denial of his motion to withdraw his guilty plea and, for the first time on appeal, objects to the term of supervised release imposed for his firearm offense. We affirm as to those issues, and we vacate and remand to correct a clerical error.

## I. BACKGROUND

Travis Hill told officers of the Mobile Police Department that he had purchased half of a kilogram of cocaine from Johnson over three years. Johnson later agreed to sell Hill 250 grams of cocaine. Police arrested Johnson after a controlled purchase in which he left five ounces of cocaine in the passenger side floorboard of Hill's vehicle. Officers later searched Johnson's residence and seized three plastic bags that each contained a half ounce of cocaine, a loaded handgun, and a rifle.

Johnson was charged in a four-count indictment for conspiracy to possess with intent to distribute more than 500 grams of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B); possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); knowingly using, carrying, and possessing a firearm to traffic in drugs, id. § 924(c); and possession with intent to distribute five ounces of cocaine, 21 U.S.C. §

2

841(a)(1). The government moved to enhance Johnson's sentence with his prior conviction for possessing cocaine. Id. § 851(a).

Johnson agreed to plead guilty to the charges of conspiracy and possession of a firearm as a convicted felon in exchange for the dismissal of the remaining charges. The plea agreement stated that Johnson had discussed the charges and the possible sentences with his attorney and he "under[stood] that no one [could] predict with certainty what the sentencing range [would] be until after a pre-sentence investigation [had] been completed and the [district] [c]ourt [had] ruled on the results of that investigation." The plea agreement also stated that a factual resume was "incorporated by reference" and contained facts that the parties agreed were "true and correct." The factual resume stated that "Johnson admit[ted] that the United States could prove his involvement beyond a reasonable doubt with a kilogram of cocaine."

As part of the plea agreement, the government also agreed to move for Johnson to receive a downward departure if he "provide[d] full, complete, truthful and substantial" information that "result[ed] in substantial assistance." The government "specifically reserve[d] the right to make the decision relating to the extent of any such departure request . . . based upon its evaluation of the nature and extent of [Johnson's] cooperation." The plea agreement stated that the government

3

"[made] no representation or promise with regard to the exact amount of reduction, if any," Johnson might receive.

At the change of plea hearing, the district court told Johnson that he faced a minimum sentence of 10 years of imprisonment for his conspiracy charge and Johnson said he understood the penalty. Johnson verified that he had discussed the factual resume with his attorney and the facts stated in the resume were true. The district court accepted Johnson's pleas of guilty.

The presentence investigation report provided that Johnson had a base offense level of 26, United States Sentencing Guideline § 2D1.1(c)(7) (Nov. 2007), and he was accountable for 655.925 grams of cocaine. The report increased Johnson's base level by two points because he had possessed a dangerous weapon in furtherance of his offense, id. § 2D1.1(b)(1), and reduced that level by three points because he had accepted responsibility and timely entered pleas of guilty, id. § 3E1.1(a), (b). Because Johnson had a prior offense, the report listed a mandatory minimum sentence of 10 years of imprisonment. Johnson did not object to the report.

Johnson moved to continue his sentencing hearing to try to provide substantial assistance to the government, and the district court granted the motion. Johnson later filed pro se a letter stating that he had fired his attorney; wished to

4

withdraw his plea of guilt based on "insufficient counseling"; and objected to the statement in the presentence report that he was accountable for 655 grams of cocaine. After the district court allowed Johnson's counsel to withdraw, the court appointed a federal public defender to represent Johnson.

Johnson moved to withdraw his guilty plea. Johnson argued that his pleas of guilty were not made knowingly and voluntarily because counsel told Johnson that he would not face the mandatory minimum sentence of ten years for his conspiracy crime after he received a downward departure for substantial assistance. Johnson argued that he would not have pleaded guilty if he had known the government had to prove his offense involved 500 grams or more of cocaine and was not obligated to move for a downward departure.

The district court heard conflicting testimonies at the hearing of Johnson's motion to withdraw his guilty pleas. Johnson testified that his attorney, Dennis Knizley, failed to discuss the plea agreement, instructed Johnson to respond affirmatively to all questions asked by the district court, and told Johnson that he would receive a sentence between two and five years of imprisonment for his conspiracy charge. Knizley, on the other hand, testified that he had warned Johnson that he would face a minimum of ten years of imprisonment because of the large amount of cocaine and the government had discretion to decide whether

5

to request a downward departure. Knizley testified that he had told Johnson the "maximum that was going to be recommended by the United States Attorney's Office, if they were totally pleased with the cooperation, would be a 50-percent deduction from the sentence." Knizley also testified that the strategy approaching trial and in negotiating a plea was to reduce Johnson's sentence by distancing Johnson from the guns and proving his offense involved less than 500 grams of cocaine. Knizley testified that Johnson did not complain about the amount of drugs until the government refused to move for a downward departure.

The district court denied Johnson's motion to withdraw his guilty plea. The court credited Knizley's testimony that Johnson knew he faced a minimum sentence of ten years of imprisonment and understood the terms of his guilty plea. The district court found that Johnson was a repeat offender who understood the guilty plea process and suffered from "buyer's remorse."

The district court proceeded to sentence Johnson and found that Johnson had admitted that he was involved with 655 grams of cocaine. The court sentenced Johnson to 120 months of imprisonment for his conspiracy charge and to a concurrent 70-month term for his firearm offense followed by eight years of supervised release for each charge. The court dismissed Johnson's remaining firearm and possession charges. The written judgment stated that Johnson received

6

two concurrent sentences of 120 months of imprisonment followed by "supervised release for a term of 8 years."

## II. STANDARDS OF REVIEW

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion, and we will not reverse unless that decision is "arbitrary and unreasonable." United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). When a defendant fails to raise an objection in the district court, we review for plain error. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). We may address sua sponte a clerical error in a judgment. United States v. Campos-Diaz, 472 F.3d 1278, 1280 (11th Cir. 2006).

## III. DISCUSSION

Johnson raises two issues on appeal. Johnson challenges the denial of his motion to withdraw his guilty pleas and the length of his term of supervised release. We discuss those issues and then address a clerical error in the judgment.

Johnson argues on two grounds that the district court erred when it denied his motion to withdraw his guilty pleas. First, Johnson argues that his plea colloquy was insufficient because neither the court or counsel told Johnson that the government had to prove he had distributed 500 grams or more of cocaine for Johnson to be subject to the mandatory minimum sentence of ten years. Second,

Johnson argues that he is entitled to withdraw his plea because counsel failed to tell him the government was not obligated to move for a downward departure. Johnson's arguments to set aside his pleas of guilty are unavailing. The district court was entitled to credit Knizley's testimony and to discredit Johnson's testimony. The record supports the finding that Johnson knew that his sentence could be enhanced for involving more than 500 grams of cocaine. Johnson's indictment stated that he was "subject to the penalty provisions of Title 21, . . . Section 841(b)(1)(B)," because "[t]he quantity involved "exceed[ed] 500 grams of cocaine." See United States v. Zerick, 963 F.2d 1487, 1489 (11th Cir. 1992) ("When an indictment does allege that a particular quantity is involved, the effect is only to put the defendant on notice that the enhanced penalty provisions of Section 841(b) may apply." (quoting United States v. Campuzano, 905 F.2d 677, 679 (2d Cir. 1990)). The factual resume stated that Johnson's offense involved "a kilogram of cocaine," and Johnson verified during the plea colloquy that the facts in the factual resume were true. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that . . . statements [made by a defendant] during [his guilty plea] colloquy are true."). Johnson also knew from the plea agreement and discussions with his attorney that he was not necessarily entitled to a downward departure motion from the government. The district court

8

did not abuse its discretion by denying Johnson's motion to withdraw his pleas of guilty.

Johnson challenges for the first time on appeal his sentence to eight years of supervised release for his firearm offense. This argument fails. Johnson cannot establish that this error affected his substantial rights because he also faced an eight-year term of supervised release for his conspiracy charge. See 18 U.S.C. § 3624(e).

We notice a clerical error in Johnson's sentence. The district court sentenced Johnson to 70 months of imprisonment for his firearm charge, but the written judgment states that he received a sentence of 120 months of imprisonment. The oral pronouncement controls, see United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000), and we vacate the written judgment and remand for the district court to enter a new judgment stating that Johnson received a sentence of 70 months of imprisonment.

## IV. CONCLUSION

We **AFFIRM** Johnson's convictions and his sentence for his conspiracy conviction. We **VACATE** the written order of judgment and **REMAND** with instructions to correct a clerical error.